UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD KEMPTON,<br><br>          Plaintiff,<br><br>v.<br><br>MASSACHUSETTS PORT AUTHORITY,<br>JOHN BEAN TECHNOLOGIES<br>CORPORATION f/k/a FMC<br>TECHNOLOGIES, INC. and US AIRWAYS,<br>INC.,<br><br>          Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

Defendants John Bean Technologies Corporation f/k/a FMC Technologies, Inc. and US Airways, Inc. (collectively "Defendants") file this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446 and hereby remove this action from the Superior Court of the Commonwealth of Massachusetts, Middlesex County (the "Superior Court"), to the United States District Court for the District of Massachusetts.  Defendant Massachusetts Port Authority consents and joins in this removal.  As its reasons for removal, Defendants state as follows:

1.      On or about July 20, 2012, Plaintiff Richard Kempton commenced a civil action against the Defendants in Middlesex Superior Court titled *Richard Kempton v. John Bean Technologies Corporation,* Case Number MICV2012-02738-L (the "State Court Action").

2.      On or about August 30, 2012, Plaintiff filed his First Amended Complaint.

3.      Defendant John Bean Technologies Corporation ("JBT") first received notice of the State Court Action on September 10, 2012 when it received a copy of Plaintiff's First Amended Complaint, Summons, Tracking Order, and discovery requests, via certified mail.

4.      Defendant US Airways, Inc. ("US Airways") first received notice of the State Court Action on September 10, 2012 when it received a copy of Plaintiff's First Amended Complaint, Summons, Tracking Order, and discovery requests, via certified mail.

5.      According to the State Court Action docket sheet, Defendant Massport was served on August 31, 2012.

6.      This Notice of Removal is timely because it is being filed within 30 days of Defendants JBT and US Airways's receipt of the Complaint.  See 28 U.S.C. §1446(b).

7.      This Court has diversity jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.      Plaintiff Richard Kempton is a resident of Lowell, Massachusetts in Middlesex County.  See Complaint ¶ 1.

9.      Defendant JBT is a foreign corporation organized under the laws of the state of Delaware with a principal place of business in Chicago, Illinois.

10.     Defendant US Airways is a foreign corporation organized under the laws of the state of Delaware with a principal place of business in Tempe, Arizona.

11.     Defendant Massachusetts Port Authority ("Massport") was created and exists pursuant to Chapter 465 of the Massachusetts Acts of 1956, as amended, and is a body politic and corporate and a public instrumentality of The Commonwealth of Massachusetts.  Massport's facilities include Boston-Logan International Airport.

12.     While Defendants JBT and US Airways deny that Massport is a properly-named party to this action, as further set forth in paragraph 13 below, counsel for Defendants JBT and US Airways, Michael Mankes, nonetheless conferred with counsel for Massport, William Parker, on September 26, 2012 and Massport consents to and joins in the removal of this action to the United States District Court.  28 U.S.C. § 1446(b)(2)(A).

13.     Massport is an improper party to this action, as plaintiff cannot plead a valid cause of action against Massport.  It is clear from the face of the Complaint that Plaintiff's claims against Massport for violation of prevailing wage law (Counts II and III), besides being baseless, are untimely as a matter of law under the applicable statute of limitations.  Further, Plaintiff's claim against Massport for failure to supervise (Count I) fails as a matter of law because Plaintiff

does not have a private right of action to assert such a claim.  Therefore, there is no possibility
Plaintiff can plead a valid cause of action against Massport, and Massport is an improper party to
this action, and thus fraudulently joined.  Pursuant to Rule 21, fraudulent joinder of a non-diverse
defendant does not defeat diversity jurisdiction nor prevent removal.  See Antony v. Duty Free
Am., Inc., 705 F.Supp.2d 112, 113 (D. Mass. 2010); Carey v. Bd. of Governors of the Kernwood
Country Club, 337 F.Supp.2d 339, 343 (D. Mass. 2004); Mills v. Allegiance Healthcare Corp.,
178 F.Supp.2d 1, 4 (D. Mass. 2001).

14.     Thus, there is complete diversity among the parties.

15.     Although the First Amended Complaint does not specify the precise amount of
damages sought, there is more than a reasonable probability that the amount in controversy in
this case exceeds $75,000.00, exclusive of interests and costs.  Indeed, in the Civil Action Cover
Sheet filed in the State Court Action with Plaintiff's initial complaint on July 20, 2012, Plaintiff
states that he is seeking $120,000.00 in damages.  A copy of the Civil Action Cover Sheet was
not served upon Defendant JBT, however, JBT obtained a copy from the Court and a copy is
attached hereto as Exhibit A.

16.     Plaintiff asserts claims against JBT and US Airways for failure to ensure proper
supervision by a licensed electrician in violation of M.G.L. c. 141 §1A, thereby causing Plaintiff
to forfeit credit for hours worked and "suffer damages" (Counts IV and VIII) and asserts claims
against JBT for violation of prevailing wage law, for which he seeks treble damages, costs and
attorneys' fees (Counts VI and VII).  Plaintiff also asserts claims against JBT for breach of
contract (Count V).  Plaintiff alleges in his Civil Action Cover Sheet, "Defendants have violated
M.G.L. c. 141 §1A which precludes the plaintiff from obtaining his electrician's license" and
quantifies an amount of damages of $120,000.00.

17.     As a result, there is more than a reasonable probability that the amount in
controversy in this case exceeds $75,000.00, exclusive of interests and costs.  Accordingly, this
Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a).

18.     Attached hereto as <u>Exhibit B</u> is true and correct copy of all process, pleadings and orders served on Defendants JBT and US Airways in the State Court Action.  <u>See</u> 28 U.S.C. § 1446(a).

19.     The State Court Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Middlesex County in the Commonwealth of Massachusetts, which lies within this District.

20.     A true and complete copy of this Notice of Removal has been served this day by overnight mail upon the Clerk of the Middlesex Superior Court for filing in accordance with 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal is attached hereto as <u>Exhibit C</u>, the original of which is being filed with the Middlesex County Superior Court Civil Clerk.  This Notice of Removal and a Notice of Filing of Notice of Removal have also been served this day via first class mail upon Plaintiff's counsel of record.

Respectfully submitted,

JOHN BEAN TECHNOLOGIES
CORPORATION f/k/a FMC TECHNOLOGIES,
INC. and US AIRWAYS, INC.,

By their attorneys,


/s/ Michael Mankes
Michael Mankes (BBO No. 662127)
Joseph A. Lazazzero (BBO No. 682118)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
(617) 378-6000 (t)
(617) 737-0052 (f)
mmankes@littler.com
Dated:  September 28, 2012        jlazazzero@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September 2012, a true copy of the foregoing

Notice of Removal was filed electronically through the Court's CM/ECF system, is available for

viewing and downloading from the ECF system, will be sent electronically to counsel of record

as registered participants identified on the Notice of Electronic Filing and via first class mail to

all non-registered participants identified on the Notice of Electronic Filing.  A true copy of the

foregoing Notice of Removal was also served via first class mail upon the attorney of record for

all other parties:

> Ellen Anna Wright
> Douglas W. Sears
> Wright & Associates, P.C.
> 1445 Main Street
> Tewksbury, MA  01876
> (counsel for Plaintiff Richard Kempton)

> William L. Parker
> Gonzalez Saggio & Harlan LLP
> 155 Federal Street, Suite 1202
> Boston, MA 02110-1727
> (counsel for Massport)

/s/ Michael Mankes
Michael Mankes

Firmwide:114614708.1 061577.1029